JOSEPH COOK, affignee of ROBERT LAUGHLIN, *v.*
JOHN AMBROSE.

DEBT on a bond of 300*l.* dated 12th *April*, 1790, 1797.
conditioned for the payment of 30*l.* with legal in-
tereft for the fame, on 1ft *April*, 1795, affigned 12th
*March*, 1794 ; and on another bond of the fame date,
for the payment of 30*l.* on 1ft *April*, 1796, with legal
intereft on the fame, alfo affigned 12th *March*, 1794.

*Young*, for the defendant, offered to prove, that the
agreement was, that intereft fhould not be paid from
the date, but from default of payment on the day pre-
fcribed. And he obferved, that the obligation is not to
pay the money with intereft *from the date*, but *with le-
gal intereft for the fame*. This is inferted ignorantly and
without neceffity, as we fometimes fee inferted, with
intereft *from the time of payment, if not then paid*.

*Armstrong* objected to this teftimony, as contradict-
ing a deed, by parole teftimony.

PRESIDENT. In the cafe of *Mofes v. M'Ferlan*, it is 2 *Bur.* 1005.
ftated, that an agreement was made, that the indorfement
then made on a note, to enable the indorfee to recover
in his own name, againft the drawer fhould not be ufed
againft the indorfer, and that, contrary to this agree-
ment the indorfee fued the indorfer, in the court of Con-
fcience, that the indorfer fet up this agreement, and the
court of Confcience rejected it as a defence againft a
fuit there on the indorfement ; and the court of King's
Bench held, that the court of Confcience did right ; but
that this agreement was a ground of action of *indebita-
tus affumfit*, to recover back the money. I do not fay
whether this is, or is not, a fimilar cafe. This is no
collateral matter. Neither was that. The one is a fraud.
The other is a miftake in the original tranfaction. This
court has jurifdiction over the demand and the defence.
The practice here on our act of affembly, in admitting
defences againft affigned obligations is more favourable
to the defence, than in *England* on the act of parliament.
I hardly think the principles of our practice juftify al-
lowing againft an affignee any defence not arifing out
of the original tranfaction, or the framing of the oblig-

Y 2

1797.

See Davis v.
Cammel ante
233.

ation, or subsequent direct payment.  No fraud is suggested in *Laughlin* or *Cook*, but a mistake common to both the original parties, which it was as much the business of *Ambrose*, as any other, to prevent or correct. As he did not prevent or correct this mistake, but signed the bond, and gave it a currency, why should not he take the consequences, rather than *Cook*, who must now be considered as a *bona fide* assignee for a full consideration.   Whether the proof be admissible seems to depend on what is the clear exclusive meaning of the words " *with legal interest for the same.*" There would be no reliance on written contracts, if their plain meaning may be contradicted by parole testimony.  If, exclusively of any other, their meaning be the same as of *with interest from the date*, the evidence seems inadmissible.   Whether or not this be their meaning, we will hear you argue.

*Young*, for the defendant, declined any further argument, and, by consent, there was a verdict and judgment for the plaintiff.